## Anna J. S. Harmon, Appellee, v. A. P. Callahan, Appellant.

### Gen. No. 19,293. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Action by Anna J. S. Harmon against A. P. Callahan to recover rent on premises vacated by the lessee before the expiration of the lease. The suit is on an instrument in writing executed by the defendant guarantying the payment of the rent and all the covenants of the lessee, Mrs. Mary Foley, who leased the premises for three years from May 1, 1910, and occupied the premises until March, 1911. To reverse a judgment in favor of plaintiff, defendant appeals.

HARVEY STRICKLER, for appellant.

WELLS M. COOK, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Harmon v. Callahan, 187 Ill. App. 312.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 523*—*when division of oral instructions for purpose of criticism improper.* Treating each paragraph of an oral charge as a distinct and separate instruction for the purpose of criticism and objection is unwarranted where the instructions are given as a continuous and connected charge to the jury.

2. GUARANTY, § 37*—*when sentence in instruction not misleading.* A sentence in an instruction stating that "the burden of proof is on the defendant, to show by a preponderance of the evidence that he is not liable," *held* not misleading when read in connection with other sentences showing that the meaning intended to be conveyed was that the burden of proof was upon defendant to show by a preponderance of the evidence that he was discharged from liability upon his guaranty in the manner charged in his affidavit of merits.

3. INSTRUCTIONS, § 85*—*when use of words "burden of proof" not improper.* A sentence in an instruction stating that "the burden of proof is on the defendant, to show by a preponderance of the evidence that he was not liable," *held* not to use the words "burden of proof" in an improper sense.

4. MUNICIPAL COURT OF CHICAGO, § 28*—*when error of court in putting question to witness not saved for review.* Error of a judge of the Municipal Court in putting a question to a witness is not saved for review where the abstract does not show that any objection was made to the question at the time, nor show that any motion was made to strike out the answer.

5. MUNICIPAL COURT OF CHICAGO, § 28*—*saving questions for review.* While formal exceptions are unnecessary in trials in the Municipal Court, yet it must appear that a ruling was "made against the objection of the party complaining thereof," before the ruling can be assailed on review.

6. APPEAL AND ERROR, § 1474*—*when error in admission of opinions harmless.* Error in permitting witnesses to state their opinion as to certain facts, *held* harmless where such facts were fully shown by other evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.